FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.
2008 APR 17 ... 12:30
SIGN
BY DEPUTY CLERK

A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Mr. Randell Orange

447680
Inmate (DOC) number

(Enter above the full name of each plaintiff in this action.)

VERSUS

Major E. Ellis
Warden Rader / Sgt. James Thompson
L.T. Roosevelt Lenoir
Sgt. Allen / Sgt. Eddie Veal

(Enter above the full name of each defendant in this action.)

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

**All copies of the complaint must be identical to the original.**

The names of **all parties** must be listed in the caption and in part III of the complaint **exactly**

**the same.**

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 350.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No ( )

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit

Plaintiff(s): ______________________________

______________________________

Defendant(s): ______________________________

______________________________

2. Court (if federal court, name the district; if state court, name the parish):

______________________________

______________________________

3. Docket number: ______________________________

4. Name of judge to whom case was assigned: ______________________________

______________________________

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):

______________________________

______________________________

6. Date of filing lawsuit: ______________________________

7. Date of disposition: ______________________________

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?

Yes ( ) No ( )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

______________________________

______________________________

II. Place of present confinement: Dixon Correctional Institution

A. Is there a prisoner grievance procedure in this institution?

Yes (X) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes (X) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. DCI-2008-10; DCI-2008-36, DCI-2008-61, DCI-2008-26, DCI-2008-27

2. What steps did you take? Filed DB. Appeal and Administrative Remedy Procedure, Also wrote several people, such as the Wardens, FBI, And NAACP, and the departments

3. What was the result? Some No Answers; others denied with no clause

D. If your answer is No, explain why not: ______________________________

______________________________

III. Parties

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Randell Orange

Address P.O. Box 788, Jackson, La 70748

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant Mr. Emmad Ellis is employed as Major at Dixon Correctional Institute

C. Additional Defendants: Sergent Eddie Veal, Sergent Allen, Sgt - Thompson James, Sergent Washington, LT. Roosevelt Lenior

All work at Dixon Correctional Institute

P.O. Box 788, Jackson La 70748 (Warden Steven Rader)

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

(See Attached Sheets.)

Cruel and Unusual Punishment.

Excessive use of force.

 

On 1-11-08 I was asked, "Do you want to shower by Sgt. Allen?" I said, "Yes!" I went to the hatch to be hand cuffed. When my celldoor open, I spoke to 4 inmates. I had to use Garard Achells slippers, Next door to me. I spoke to Darrin Robinson and Johnathan Lien. When I reached cell #2. I told Gary Mouton you a stupid bitch for playing homicide to duck EXT, while walking toward the shower. Sgt. Eddie Veal standing in the doorway and stated to me, "Who you talking to?" I Randell Orange stated, "Not you, but if I'm provoked I'll talk to anyone like a man." I don't mess with you nomore anyway. He said Alright! I came out the shower and went back to my cell. I told my cell-mate Dedrick Lemieue what happen, and why I don't say nothing around him. Also I told Garard Achells who was next door to me. Then he said, Sgt Veal told him I'ma get that bitch, Do he have something in his cell? I got dressed and layed in my bed. 30 to 45 minutes later he came down a unsigned tier saying shake down for no reason at 10:00 at night saying he can do this. Sgt. Allen present shaking his head saying he don't want no part of this. It wasn't random Because I was the only cell. All the way to the back where I can't pass nothing to no one. When my cell mate got handcuffed, I jumped out the bed and he stated to me, "Come on Bitch!" I Randell Orange said I got your bitch alright. Let me get a ARP a harassment form. Sgt. Veal then stated to me, "You a Bitch and a Rat!" I said, "you got me → next sheet!

Fuck'd up. He then turnt to Sgt. Allen and said you going to come do your job or what. Sgt. Allen knew it was a case. He didn't want no part of it. Because this happen before with him and the other officers where they almost lost they jobs. He then started trying to convince the Tier I was a Rat and a Bitch. Saying a inmate a snitch to other inmates is a major violation. Harmful to the plaintiff life in a institution. The he stated to the plaintiff that he was going to Kill him. The plaintiff stated don't put your hands on me while I'm in cuffs. Thats a major violation. Take the cuffs off. Because I want miss a court date. He stated, You a Rat, bitch! I kept saying! you touch me with these cuffs on, I'ma inform my family. You threating me, harassing me, and cursing me at 10:00 at night when I was in my bed. Just cause I told you I don't conversate with you. And you trying to get me hurt by saying false rumors I'ma snitch. My lawyer going to have a good day with this. He then stated, "Take your bitch ass to the shower. He stripped my cellmate Derick Lemieue first, when he was putting on his cloths he kept saying he going to fuck over me. Sgt Allen pressed his beeper down the tier before he had a chance to take off my cuffs. LT. Lenior came in on the scene and pushed

Pushed Sgt. Veal out the door because he was running up on me about to push me or hit me in cuffs. The camera and the whole Tier my witness. The camera shows the whole hall. If no camera they trying to cover it up. Then my only witness and defense is witness and a poly graph test. Or the officers that was there doing the time. Especially Sgt. Allen

because he was assigned to D-Tier. And Sgt. Veal was assigned to C-Tier. He came down a unsigned tier at 10:00PM at night when I was in the bed harassing me with no clause. The only way he suppose to come down that Tier if Sgt. Allen have a problem and he need assitance.

Major Ellis came in and asked me what happen for me to be in the shower. I told him word for word the above and the tier stated with me. Sgt. Veal came on a unsigned Tier Harassing me, Threating me, and cursing me while I was in the bed. I let him Know I wanted to call my family to inform them if this wasn't handled properly. I let him Know in a respectfully manner I Knew my rights in the situation I'm in: Follow every order giving and inform somebody about the matter at hand. Major Ellis told me he don't care about none of that. I don't run nothing. Who running this me or you. I stated," I'm trying to tell you about a bad situation where I aint in the wrong. I Know I'm in a No win situation. So I have to do what I have to do. He said," You do what you have to do, I'ma do what I have to do. He told a officer to bring the shackles. Sgt. Allen placed the shackles on. And they escorted me to my cell. I was ordered to get on my Knees and face the wall. Sgt. Allen took the shackles off my feet. They stepped out my cell, I came to the hatch once the door was closed to take off the handcuffs. Once Sgt. Allen took off one cuffs, I was sprayed with gas for speaking my mind. No disturbance was made at all. Everyone on the Tier was up. Everyone heard and seen parts of everything. 10 minutes later, I was ordered back to the hatch to

be cuffed. Once cuffed, I Randell Orange was ordered to go face the wall and get on my knees. They opened the door. Sgt Allen placed the shackles on my feet. Soon as they was on. Major Ellis came full force with a shocking shield ramming me and pushing me against the wall shocking me at the same time while my hands was behind my back and shackles on my feet. My head hit the wall also my tooth. After se shocks while on my knees force on the wall. He ordered me to lay down. I did, Then he shocked me laying down while he was sitting on me hitting me. Thats how my back went out or something because he about 350 pounds, plus he hitting me with his knee in my back. I was ordered back on my knees, He shocked me somemore. Then he shocked me and hit me with the shield in my head 3 to 4 times, clausing me to slob and blank out twice. He shocked me again saying you don't run nothing or know nothing. Thats why you lock'd up. LT. Lenoir performed with him. 10 minutes later I was pulled up and placed in the shower. While in the shower, LT. Lenoir passed by and sprayed me walking by laughing. Camrea a witness on everything. Once I finished showering, this was done again.

(2)

After the incident 1-11-08 I filed a ARP about the situation. Seeking help from the wardens. Warden Stevens, Warden Radar the head warden. No one spoke to me or came took pictures. A couple days later, I received a rejection from Megan W. Daniel the warden designee on 1-21-08.

Stating I was rejected because I didn't send the original copy. LA. R.S. 15. 1171-1177 is required for the department of correction and inmates. A violation because it don't states, send the original copy. Under LA.R.S.15.1171-1177

(3)

On 1-14-08 plaintiff went before the disciplinary Board Hearing and orally submitted a motion to take a Poly Graph Test, face my accusers, and present witnesses, Garard Achells, Darrin Robinson, Calvin Dawkins, Johnthan Lien, Gary Moulton, and cellmate Derick Lemieux. To substantiate his defense before chairman Col. Smith and member Ms. Faith Cuevas The motions was denied with no clause. Violating R.S. 15-1171-1177. I was sentenced to a unlawful restitution of 5 dollars 10 days Isolation, 180 days forfieture of good-time for Rule #3 and 30 days Room confinement, 6 weeks No canteen for a Rule #5 and 10 days Isolation 90 days forfieture of good time for a Rule #3 and Change from HWCB to HEXT/LD, 180 days forfieture of good-time, restitution $5.00/xx when the Louisiana Register and the department states one or two penalties, not three. On the same day I filed a Disciplinary Board Appeal.

(4)

Plaintiff filed a written notification for a good time hearing. I stated my facts and what I was challenging. I wrote this notification on 1/19/08 and sent it out on 1/20/08 no hearing was never granted according to the law. LA. R.S. 15.571.4(C) and Department Guide-Lines LA. R.S. 49.951(6)

(5)

On 1/23/08 I wrote Mr. Louis M. Reigel III US Department of Justice, Law firms; Edward Larvadain Jr

Alvin J. Bronstein and sent medical slips, correspondence forms to all parties about this situation. (Excessive Force) The force was unnecessary while the plaintiff was in full restraints on his knees facing the wall. The plaintiff sustained major injuries. The plaintiff suffering serious pain in his lower back, head, tooth, and neck. D.C.I medical staff refused medical attention. The plaintiff had another inmate call his family about this situation because they wouldn't let him use the phone. His family had Lawyer Edward Laruadain Jr call and wrote in the behalf of this situation. Stating the plaintiff wrote and received a phone call saying he was suffering serious pain from officers using force while he was in handcuffs and shackles while on his knees and laying down. A violation of Cruel and Unusual Punishment. (8th Amendment)

(6) Defenses I presented that was denied with no clause:

A. Threaten & cursed

B. Harassed

C. Witnesses

D. Camrea

E. Rumors against inmate enough to get him harmed by stating he a switch to other inmates. (A major violation.) 8th Amendment violated when prison official labeled prisoner "Switch" because the label exposes prisoner to potential for great harm and constitutes deliberate indifference to prisoner's safety.

F. Refused medical attention, made numerous sick-cal

G. Denied motion no clause (violating 15-1171-1177)

H. No investigation

I. Lawyer wrote the warden, no response or talked to inmates, still no medical attention.

When the conduct rule hearing guide lines states must & may ask questions and should give a reason why motions denied. Must send a written summary.

(7)

All attached forms I sent to all parties seeking Information and help. Also a copy of the letter from my lawyer to the wardens that was unanswered, No picture of what they did, and no one came spoke to me. I was transfer to extended-lock down one man cell. All violations attached, up under Department rule book for hearings Pg 8 (3)(4) Pg 9 (4)(5)(6) 15:1177(9)

Step by Step in a orderly form.
Respectfully written.
Submitted by,
Randell Orange

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. All my Good-time Restored, 50 Thousand for pain and suffering (Cruel & unusal Punishment) Medical fees be restored, lawyer fees Monetary damages and Punitive damages. Officers Rank dropped.

VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 10 day of April, 2008.

Randell Orange
Signature of plaintiff(s)

EDWARD LARVADAIN, JR. & ASSOCIATES
ATTORNEYS AT LAW
626 EIGHTH STREET
ALEXANDRIA, LOUISIANA 71301-7696
larvadain@bellsouth.net

EDWARD LARVADAIN, JR.
EDWARD LARVADAIN, III
MALCOLM X. LARVADAIN

TELEPHONE
318.445.6717
318.445.3533

FAX 318.445.4030

January 18, 2008

Randell Orange, #447630
CBB
Dixon Correctional Center
P. O. Box 788
Jackson, LA 70748

Dear Randell:

I am enclosing to you a copy of a letter that I have written to Dixon Correctional Center pertaining to the complaint of abuse you told your mother and grandmother about. I expect you to be examined by a physician and one that is done, I would like for you to let me know the results of that examination.

Your mother and grandmother miss you greatly, therefore, they would like for you to list their names as individuals who can visit you. You have to initiate this by your requesting a visiting list and placing their names on the list. Please do that.

Yours very truly,

EDWARD LARVADAIN, JR. LAW OFFICE

BY: *Edward Larvadain, Jr.*
Edward Larvadain, Jr.

ELjr/pkmh
Enclosure

EDWARD LARVADAIN, JR. & ASSOCIATES
ATTORNEYS AT LAW
626 EIGHTH STREET
ALEXANDRIA, LOUISIANA 71301-7696
larvadain@bellsouth.net

EDWARD LARVADAIN, JR.
EDWARD LARVADAIN, III
MALCOLM X. LARVADAIN

TELEPHONE
318.445.6717
318.445.3533

FAX 318.445.4030

January 18, 2008

Dixon Correctional Center
P. O. Box 788
Jackson, LA 60748

Re: Randell Orange
DOC #447630, CBB

Dear Sir:

I am writing on behalf of the mother and grandmother of Randell Orange who received letters from him which greatly disturbed them to the point that they have retained me to represent them. The mother, Ms. Pamela Gray and the grandmother, Ms. Beatrice Marsland, state that Randell has informed them that he is being physically abused wrongfully by officers employed by Dixon Correctional Center.

I have personally read one of the letters from Randell Orange and he has alleged that he was abused by one of the correctional officer because he exercised his constitutional right of free speech. Specifically, he stated that while handcuffed he was wrongfully spread with a gaseous substance for no reason whatsoever. Afterwards, he states that he was ordered to get on his knees and while on his knees, he was shocked eight times plus he was shocked an additional three times after the officer banged his head against the wall. I am sure this type of behavior is not condoned.

The mother and grandmother have asked me to make a special plea to have Randell Orange examined by a physician to make sure that he has not suffered any serious internal head injuries. If possible, they would like to have him examined by a physician not associated with the facility.

Please let me hear from you.

Yours very truly,

EDWARD LARVADAIN, JR. LAW OFFICE

BY: [signature]
Edward Larvadain, Jr.

ELjr/pkmh

You Honor; (WHY I'm Filing Suit), To be Read in court on Record.

The reason why I'm here today is because my constitutional Rights have been violated. (Amendments 1 freedom of Speech) (Amendment 5 - Due Process) (Amendment 8 cruel & unusual punishment) and (Amendment 14 - Equal rights)

Amendment 1). I have the right to speak in my behalf concerning any violation that involves me. Due to my situation, My speaking has to be in a respectful way.

Amendment 5). Due process; I have the right to request a full investigation. To present Witnesses & Documents in my behalf as my defense on any charges brought upon me. I have proof this right was violated; The officers denied my statement without a investigation. Also they denied my Administrative Remedy Procedure, off the officers statement. When I made myself clear in writing check the camera, call witnesses, and Poly Graph Test all of us since it was involved with High Handed officers Up under they own rules. Civil Services Rules for employee's and Correction Services Employee Manual states they sign up under taking a poly graph test in serious situations.

Amendment 14). Equal rights was violated with the 5th amendment. Because in cases, No one word is worth more than the other. due to their positions, My due process was denied. Equal Rights means both parties have the same rights until proving guilty.

Amendment 8). Cruel & Unusual Punishment;

Excessive force by Officers, Causing me pain til this day. Using Unnecessary force while I was in Handcuffs and Shackles on my Knees facing the wall. I was electrocuted with a electric shield several times to the back and also 3 to 4 times to the head. Also rammed against the wall with shield, I was ordered to lay down and I was shielded. Also;

Medical Staff refused me attention, I made several sick-calls. I have all slips for proof that I couldn't see the doctor. 45 days after the incident I seen the doctor because of Ms. Tolliver. They even refused a letter my family had a lawyer write to the Head Warden, about the issue in the pain I was having. I have the letter as proof. And all medical slips I was charged and denied.

Criminal Law §78 Cruel and Unusual Punishment, Medical Needs

2A, 2B. For purposes of establishing whether prison officials have violated a prisoner's rights under the cruel & Unusual Punishment clause of the Federal Constitution's Eighth Amendment; Where the officials allegedly failed to attend to the prisoner's serious medical needs, The appropriate inquiry is whether the officals exhibited deliberate indifference to such needs; given that society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious.

And Last issue at hand you Honor; Civil Rights §46; Criminal Law §78 And up under Department of Correction Rules For Employee's They violated up under the 8th Amendment. I was in handcuff and shackles facing the wall no threat at All when Unnecessary force to cause harm was brought on me for speaking my rights and a violation a officer committed.

Thanks for Listening

Starting point 8:20pm ARP (Original copy)

I wrote: Warden Stevens Warden Rader I sent my DB I have medical I'm writing FBI My Lawyer. I'm sending medical slips 2 And correspondence

(No retaliation 2)

On 1-11-08 I was asked, do you want to shower? I said yes! I came to the hatch to be hand cuffed. When my cell door open, I spoke to 4 inmates, my next door ~~cell-mate~~ Garard Achells when I got towards other cells, I spoke to Darrin Robinson and Johnathan lien. When I reached cell two, I told Gary Mouton you a stupid Bitch. You coming on homicide like that. Sgt. Veal was in the doorway and he stated, "who you talking to." I said cell 2, I don't talk to you no more, but if you bring me out there, I'll be talking to you. He said alright!

I showered and came out and was placed back in my cell. I told my cell mate Dedrick Lemieue what happen. And why I don't talk to him no more. I got dressed and layed in my bed. 30 minutes later Sgt Veal & Sgt Allen came to my cell for a shake down for no reason. Sgt Veal claimed that he seen someone pass me something. But Sgt Allen was like this my tier, dude at the last cell by the signing book and the cntrl monitor. Sgt. Veal hollor at him and said you going to do your job or what. Me & my cell mate Derrick Lemieue was placed in hand cuff. Sgt. Veal said to me Come out of here bitch! I don't want to hear that! I stated, I aint no bitch, You are! He stated, You a Rat! I said How I'm a rat! You got to chill with them statements. He said, "No Fuck you" when I see you on the streets, I'ma Kill you. Matter Fact! I'ma get the information tonight. I said don't fuck with my family. You think I told on you. Do me something! Then he stated to me [redacted] Get your stupid ass in the shower. When me & my cell mate went to the shower. We was stripped searched And he pushed me when I was in hand cuffs and when the LT Nepohr came down for a beeper activiation, he jumped behind the LT saying take them cuffs off that bitch. And He ran at me when I was cuffed. The LT grabbed him and pushed him out the door. Then he Threaten to kill me again. Saying what he was going to do while I'm in here. How he going to pay dudes to do me something. I was placed back in the shower cuffed. And explained all ~~this~~ the above to Major Ellis. When he realize he had a problem. Him & Lt walked out, came back and said its on. I said on, What you talking about? Major said bring the shackles. Go get

Dept. Reg. No. B-04-005

MEMORANDUM

DATE:

TO:

RE: Forfeiture of Good Time

In accordance with Department Regulation No. B-04-005 based on La. R.S. 15:571.4(B) and (C):

1. Any inmate who escapes may forfeit all good time earned on that portion of his sentence served prior to the escape.

2. Any inmate who commits a battery on an employee of the Department may forfeit all good time up to a maximum of 180 days on that portion of his sentence served prior to committing the battery.

You have been provided a copy of the rule violation report charging you with escape or battery on an employee which contains a description of the evidence against you.

You are hereby advised of your right to request a "Forfeiture of Good Time" hearing before the Disciplinary Board within 15 days of this date. You also have the right to be represented by counsel, to be present at the hearing, and to present exculpatory evidence or evidence in mitigation. Upon a finding of guilt after normal disciplinary proceedings, the Disciplinary Board shall make a determination to either affirm, modify, or reject the recommended forfeiture of good time in the "Forfeiture of Good Time" hearing.

Your request for hearing must be submitted to the Warden, in writing, and must contain the following:

(1) A statement setting out the facts upon which you are relying;
(2) A list of witnesses with the reason for the witnesses and the expected testimony;
(3) A list of documents with the reason for each document and the expected information;
(4) A statement as to whether you are challenging the charge or only attempting to mitigate the action, or both;
(5) A statement as to whether you will represent yourself, retain counsel or if you wish to have an inmate counsel substitute.

The contents of your request shall be binding and shall not be expanded unless good cause is shown why it should be expanded. If you fail to make a timely request, it will be deemed that you waive your right to a hearing on the issue of guilt and the action to be taken.

____________________ WITNESS

____________________ Inmate Signature

____________________ WITNESS

____________________ DATE

According to LA.R.S. 15.571.4C (Good Time Hearing)

RE: Forfeiture of Good Time
In accordance with Department Regulation No. B-04-005 based on LA. R.S. 15:571.4 C

You are hereby advised of your right to request a "Forfeiture of Good time" hearing before the Disciplinary Board within 15 days of this date. You also have the right to be represented by counsel, to be present at the hearing, and to present exculpatory evidence or evidence in mitigation. Upon a finding of guilt after normal disciplinary proceedings, the Disciplinary Board shall make a determination to either affirm, modify, or reject the recommended forfeiture of good time in the "Forfeiture of Good time" hearing

Your request for hearing must be submitted to the Warden, in writing, and must contain the following:

1). A statement setting out the facts upon which you are relying
2). A list of witnesses with the reason for witnesses and the expected testimony
3). A list of document with the reason for each document and the expected information
4). A statement as to whether you are challenging the charge or only attempting to mitigate the action
5). A statement as to whether you will represent yourself, retain counsel or if you wish to have an inmate cousel substitute.

S/ Randell Orange

I'm required this, and no answer was made. Date 1/20/08
Sent to Warden

* Violating the own Rules *
This was never answered in its my Right. (Safeguard) challenging the forfeit. see LA R.S. 15.571.4C

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

State of Louisiana
DEPARTMENT OF JUSTICE
P.O. BOX 94005
**BATON ROUGE**
70804-9005

March 24, 2008

Randell Orange
Doc#447630
P.O. Box 788
Jackson, La 70748

Dear Mr. Orange:

Your letter addressed to Attorney General Caldwell has been forwarded to the Civil Rights Section for review.

Please be advised that the Louisiana Department of Justice has no authority to assist you with your request.

However, I will forward your letter to Department of Corrections for their review.

I am sorry I could not be of help to you.

Sincerely,

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

BY: Wendell C. Woods
WENDELL C. WOODS
ASSISTANT ATTORNEY GENERAL

WCW:ssh

From: Randell Orange #447630
Housed at: DCI - CBB
P.O. Box 788
Jackson, La 70748

To: Mr. Louis M. Reigel. III
U.S. Department of Justice
Federal Bureau of Investigation
9100 Bluebonnet Centre
Baton Rouge, LA 70809

Dear Mr. Louis,

I have a situation that need addressed immediately. My Constitutional Rights have been violated. Amendment 1. Freedom of Speech 8. Cruel & Unusual Punishment 5. Due Process 14. equal protection of Law.

I'm not going to write to much. But I am going to present all the violations. I'm also sending a copy of my A.R.P. that I sent through the step procedure.

#1 Amendment; Freedom of Speech, I have the right to speak in my behalf about any bad situation that is directed towards me. But howsoever, I can not be disrespectful or threaten, or harmful doing the time (Due to my situation)

#8 Amendment; Cruel & unusual Punishment, Doing a violation while incarcarated a inmate suppose to follow every order that is giving. If not, a officer have the grounds to use any force necessary to tame a inmate behavior. But having to follow the guide lines of the department. In this situation I'm writing about; I was sprayed in the face with 2 chemical agents in handcuffs. I was sheilded with a electric shield in cuffs and shackles while on my knees. Also shield with electric shield in the head 3 times while on my knees with full restraints on while ramming my head against the wall. In this situation

Randell Orange #447630 1-16-08
CCC

Re: (Call) James M. Leblanc, Secretary Dept. Public Safety and corrections on my Behalf And Whatever Else That can Be Done!

Dear Mr. or Miss:

I commence this explicitive message by finding you and your family within the best of health.

On Jan. 11, 2008, I was restrained with handcuff and shackles, placed on my knees, while I was on my knees, (showing no resisten at All), I was shocked repeatedly with A electrical shield in my head and also placed on my stomach, while A major named E. Ellis who is approximately 280 pds, set on my back and shocked me with the shield, when I'm only A 165 pds, 5"9 and 25 yrs. old, (only because me and one of his officer had A semi-oral dispute — not physical at all, to warrant the cruel and unusual punishment I received). I have not received no medicare attention, since the incident, my back still hurt and I have been going through head pains since the incident, I have filed A (Institution Grievance) to no avail, see Hudson v. McMillian, 503 U.S. 1, 8 (1992)

However, I would like to receive whatever "legal assistance or Help" I can receive from your office, as soon as feasible, Finally, Thanks for your consideration!

Sincerely True

Mr. Randell Orange #
CBB/A-7, OCL P.O. Box 788
Jackson La. 70748

RE: (Call) James M. Leblanc, secretary Dept. Public Safety and corrections on my behalf or Whomever this situation could be refer'd to. Such as FBI, Investigation office, Attorney General Charles C. Foti, or NAACP. Whoever answer this matter at hand.

Dear Mr or Miss,

I commence this explicitive message with facts. And I hope & pray I can find sympathy in your heart, to the point; this situation be handled immediately or directed to someone who can.

On Jan 11, 2008 I was orderd to be placed in handcuffs and shackles, Because me and Sgt. Neal had a semi-oral dispute. Reason: he came down a unsigned tier harassing, threating to Kill me, and calling me a snitch while other inmates was present. Enough to get me hurt, Due to my housing at the time. A major violation!

I spoke with his supervisor, he show'd no actions in this situation. I told the major. Major Ellis returned with unnecessary force. I was ordered to be placed in handcuffs and shackles. Then ordered to go face the wall and get on my Knees. Sgt. Allen put on the restraints. Once the door was opened and Sgt. Allen placed the leg shackles on my ankles. Major Ellis slammed a shield in my back and shocked me over 8 times. He order me to lay down, He had his Knee in my back while he hit me and shield me. He ordered me back on my Knees and shield me about 4 more times. He also shocked me in the head 3 to 4 times, all this while I had hadcuffs behind my back and shackles on my feet on my Knees. Cruel and unusual punishment (I) havn't seen medical. My lower back do to him sitting on me while I was in cuffs. And He about 320, I'm only 165 pds, 25 yrs old. My head been having serious pains, plus my tooth do to him pushing my head against the wall and I couldn't stop him because my hands was behind my back. I filed a Institution Grievance, No Investigation, I have witnesses and I requested a Ploy Graph test.

My Constitutional Rights Been Violated. Amendment 1st, 8th, 14th See Hudson V. McMillian, 503 U.S. 1,8 Unnecessary force, causing harm, no due Process, Violating LA. RS. 15.1171-1177 Also the guide line for employee's. I spoke with Col Payne. and I asked him about the situation. Could they do that. He said No. I asked him did he get my ARP. He said no! And He the Investigating officer. Ms. Megan. Daniel take matters in her own hand and refuse ARP's when thats what our rights for. All my motions was denied without a clause. Motion for Ploy Graph, Motion to face accusers, Motion to present witnesses: Garard Achells, Darrin Robinson, Gary Mouton, Derick Lemieux, Calvin Dawkins, Johnathan Lieu. That's my defense! But from the start, While I'm in cuffs no threat, officer Major Ellis & LT Lenoir didn't have the proper grounds to use force like that. Especially using a shield on a human head, While he cuffed from head to toe. Its no getting around that.

Relief: I'm seeking and asking for your help badly. Right is Right / WRONG is WRONG I'm seeking Justice, The Law! Whatever help you can give me. OR who-ever you forward this to. I appreicate your help and concern. God Bless You!

Thanks

[signature]

Respectfully written

cc: Date: 2-21-08

Randell Orange #417630

CBB/A-7

P.O. Box 788

Jackson LA 70748

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: DCI-2008-61

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO: ORANGE, RANDALL 447630
Inmate Name and Number

DCI
Living Unit

Response to Request Dated 03/18/08, Received in this Office on 03/24/08:

Your request for administrative review of your ARP #DCI-2008-61 has been received in my office. All pertinent documentation surrounding your allegations have been reviewed, including the written statements from the officers, the unusual occurrence reports and DCI Policy and Procedure # 3A-002. None of the previously mentioned documents could support your allegations of unnecessary use of force. We have determined that the first step response prepared by staff is clear and concise and has thoroughly addressed your issues. We can find no reason for administrative intervention at this time.

Your request for relief is denied.

3-28-08
Date

Linda Ramsay
Secretary's Signature or His Designee

5

Case# D.C.I-2008-61
First Step Response Form (First Step Respondent)

To: Randell Orange #447630

Ext 2
Living Quarters

Response to request date 1-12-08, Received in this office on 1-23-08

In your complaint, You stated that you were sprayed with chemical agent by Major Ellis and that the electronic capture shield was used on you while you were in full restraints for no apparent reason.

After receiving your complaint, it was found during questioning Sgt. Veal, Sgt. Allen, Lt. Lenoir and Major Ellis that you became loud and began cursing the officers after being shaken down you were placed back in your cell and not cuffed. You refused to comply with all verbal orders to stop this behavior. At this time you were advised that chemical agent would be used if you continued to defy orders. After you failed to comply with orders, you were sprayed with Freeze Plus and you continued to defy all orders. Major E.C. Ellis assembled an entry team at which time you were shown the capture shield being arc tested still refusing all orders. The Cell Entry Team entered your cell and captured you against the wall. You then settled down. Approximately 15 minutes later you began to curse and yell on the Tier and refused all verbal commands to cease. Major Ellis then retrieved a can of Deep Freeze from the Armory and showed it to you, giving you orders to settle down. After continuing to defy all orders, you were sprayed with a 1 to 2 second burst to the chest area at which time you complied with all verbal directions.

Your ARP is Denied;

Signed by: J. Thomas
3/12-08

Warden Rader

(I received it on 3-17-08)

✓ I'm not satisfied, sent back by me on 3-18-08

Question's, about the response of the 1st step Case# D.C.I-2008-61

By me: Randell Orange #417630

(Answered the first step Response)

1.) The First Step says, During questioning Sgt. Veal, Sgt Allen, Lt Lenoir, & Major Ellis I became loud and began cursing doing a shake-down. (Out of nowhere I'll start cursing for no reason) It don't add up

A). Lt. Lenoir & Major Ellis, was you there doing that shake down? (NO) So why would you speak on that situation when you wasn't there?

B). Sgt. Allen, I was signed to your tier, D-Tier cell #12, last cell (correct) I never cursed you since I known you (Correct) No officer goes down another officer tier unless standing at the door calling out cell numbers (correct)

C). Why you let Sgt. Veal come down a unsigned Tier, your tier and clause a comotion with me, cursing me, and threating to Kill me? (What was the reason) Did he or did he not tell you at the officers desk he wanted to F-over me?

D). When you came to my cell, Who was with you? (Sgt. Veal, no one else right) When Sgt. Veal handcuffed my cellmate Dedrick Lemuime, What did he say to me when I was climbing out the Top bunk? (Hurry up Bitch!) (correct)

2)*. You Honor in my Administrive Remdy 1st step, He lied to the warden Designee and said, "I wasn't cuffed." Thats a Rule violation, because everytime they open up a cell door, a inmate have to be cuffed, While on Adm Seg Lockdown. (Is that correct)

A). After Sgt. Veal called me a bitch and I said, "I aint your bitch, You got me fuck'd up. Didn't he call me a rat, switch and he was going to Kill me? (Yes or No) All I keep saying was before you do anything take these cuffs off. That's all I kept saying

3). What behavior I was causing Major Ellis? But speaking in my behalf?!!!

A). Major Ellis since you known me, did I ever cursed you? (No or Yes)

B). When I spoke to you, I spoke respectfully and clear about your officer behavior. I spoke about the law and the law book due to the fact he tried to convince the tier I was a snitch, enough to get me harm while in a institution, he harassed me, and threaten to kill me. Also he had to be escorted off the tier by Lt. Lenoir because he became hostile in a way he was going to push me or hit me while I was hand cuffed. Once I couldn't get no help from you, I asked you to use the phone to notify my family about this situation. I have to do what I have to do, because I'm in a no win situation. That's when he became violent stating you do what you do I'ma do what I do. Then he ordered them to move my cellmate to another tier. While in the shower he ordered the officer to bring a pair of shackles: (Correct) Sgt. Allen you was the one to perform that duty. (Correct) All officers but Sgt. Veal escorted me

to my cell. (correct) I didn't say no word since our conversation at the shower. I was ordered to stop in front of cell #12. Major Ellis ordered his officer to throw all my property out my cell before I entered my cell. (Correct)

C). Major Ellis ordered me to go get on my knees and face the wall (correct) Sgt Allen came in and took off the leg shackles, he stepped out and closed the door. (Correct) I got up in walked to the hatch and Sgt. Allen took off one hand cuff, while holding the other and out of no where he sprayed me with a can of mase.

A). All I said I knew you was going to clean up his mess. And I never once said a word after that.

1). Why you lied to the investigating officers you told me you was going to spray me and you showed me the mase can before using it. (that's a lie)

2). Why you said you sprayed me in the chest area? (that's a lie)

3). Why you told the investigating officers you showed me the capturing shield before using it on me? (that's a lie)

4). Why you lied and said", before entering the cell, I didn't have on handcuffs or shackles? I was on my knees facing the wall with cuffs on my hands and ankles. When he used unnecessary force; Not only that, I don't think a shield is made for a human being head.

To this day I have bad headaches and nerve reflexes.

What I did so harmful but speak in my behalf respectfully about Sgt. Veal behavior.

Lt. Lensin what made you say what you said and pushing me and walking by the shower spraying mase while I was showering?

Some of these question^s was answered correctly. But 80% of them was wrong. It's a large fine for lying to a judge even jail time.

To prove what I said is correct, I'll take a Poly Graph test.

And also on the tier is a camrea Your honor, that records and be placed in the majors office. You will see I had cuffs on when they enterid my cell. Plus my witnesses can tell you all what they heard and seen.

The Camrea will prove every violation in my behalf. And I want them punished.

[illegible]

State of Louisiana
Department of Public Safety & Correction
(First Step Respondent - ARP)
D.C.I

Randell Orange #447630

What should have been done according to the rules. (5th - Amendment, Due Process) (14th amendment Equal Rights)

Paragraph 1). After (Reviewing your complaint) it was found during questioning Sgt. Veal, Sgt. Allen, LT. Lenoir and Major Ellis:

Response: The Warden; Steven Rader, designee M/Sgt L. Thomas investigation was insufficien on March 11 & 12th, 2008, Because not one time did he interview the complainter or his witnesses to get a thorough understanding of the situation at hand, instead carry out a experimental investigation of his co-workers.

The investigation was suppose to be conducted where the matter could be resolved at Dixon Correctional Institute. Further, Designee L. Thomas should have gather all four (4) individuals co-workers together Sgt. Allen, Sgt. Veal, Lt. Lenoir, Major Ellis and conducted a poly graph test on each one of them, since the Civil Rules for Employee's and correction Service Employee manual support ploy-graph testing on correctional officer?!.

After collecting the (Results) from the test and see whether they corroborated the complainter allegations or was he falsifing (Administrative Remedy Procedure) against the officers. If it turn out after doing the aforesaid, The officers were in violation of the complainter Federal or State Civil Rights, take the appropriate action to resolve matter, then try in cover it up.

The (video tape) from administrative segregation lockdown D-Tier was (never) observed or mentioned by the Warden designee L. Thomas on Jan 11, 2008 in his (First Step Response) Why not? Because it would have clearly corroborated the complainter statement as well as what tuke place on Jan 11, 2008, by the Officers

Nevertheless, The plaintiff complaint was review and the four(4) officers involved was alleged question by the Warden designee L. Thomas and nothing else was done other than stand by the credibility of their officers

Paragraphs: (2)(3)(4)(5): That I became loud and began cursing the officers after being shakedown you were placed back in your cell and not cuffed. You refused to comply with all verbal orders to stop this behavior at this time I were advised that chemical agent would be used if you continued to defy orders after you failed to comply with orders, you were sprayed with Freeze plus and you continued to defy all orders.

Response: The plaintiff allege conduct did not warrant him to get sprayed in the face and body with Freeze Plus Department of Correction Regulation corroborated that fact as well.

Further, the four(4) officers made show not to mention that plaintiff was taken out of his cell three(3) times during the course of the incident on Jan 11, 2008. As well as each time he was taken out he was handcuffed which the policy of the (DPSC) says; "everytime a inmate leave from out of Administrative Segregation Lockdown cell he has to have handcuffs on"; Which refute the respondent allegation twice, "I didn't have restrains on" That's a rule and the hall camrea can prove I did have handcuffs on everytime they opened the cell door.

Paragraphs: (6)&(7): Major Ellis assembled on entry team at which time you were shown the capture shield being Arc tested still refusing all orders, the cell entry team entered your cell and capture you against the wall, You then settled down:

Response: The entry team by Major Ellis was overly aggressive towards the plaintiff because not onetime did he show sign's of (Aggressiveness or Hositility) toward the officers or was he destroying anything inside the cell, such as: The toliet, face bowl or light or the self or the matteress, because during the course of the shake-down all my personal property was taken from out the cell, and placed on D-Tier. The camrea can show that.

Further the (video tape) on administrative segregation lockdown D-Tier will clearly show that Sgt. Allen stuck his hands through the tray hatch of the cell door and handcuffed, Me before the entry team enter my cell afterward he was ordered to go get on his knees facing the wall of the cell by Major Ellis once the door came open.

Sgt. Allen placed shackles on my ankle, and major Ellis push him out the way and begin to shock me with the electronic capture shield on his head several times afterward order him to lay on his stomach and set on the back part of his body and shocked him with the shield several more time

The plaintiff had a constitution right under the La. State const. Art 1 §§ 1, 7, & 9 of the (1974 ed) and the first amend of the USCA to express that he would seek institutional grievance and judicial review for any wrong doing or abuse committed by the aforesaid correction offices.

Paragraphes (8)(9)(10):

Approximately 15 minutes later you began to curse and yell at the tier and refused all verbal commands to cease. Major Ellis then retrieved a can of Deep Freeze from the armory and showed it to you, giving you orders to settle down after continuing to defy all orders, You were sprayed with a 1 to 2 second burst to the Chest area at which time you complied with all verbal direction:

The plaintiff has (No mental Disorder), nor has I every received phychiatry medication at Dixon Correction Institute — ain't no way after I have been electronical shock, several times in the head and back with my hands cuffed behind my back with Leg Irons on (15 minutes later) I would be hollaring down Administrative Segregation Lockdown Tier-D (The physological shock) was thier than, and still is this day and time of having to go through such cruel and barbarian tactive.

For only verbally requesting that the supervisor officer discipline his sergent for his misconduct I would have to get sprayed with (Armory Deep Freeze) in my face and body again is absurd.

Nevertheless, Sgt. Veal, Lt. Lenoir and major Ellis were (Blithe and Pertinacious on the night of January 11, 2008, to carry out at act to shock the conscience of the model day world an America with such reckless regard for the safety and well being of inmate in their custody. There are promulgated rules by the Department Public Saftey and Correction (DPSC). Civil Service Rules for Employee's (CSRE); Correction Service Employee manual (CSEM); America Correction association (ACA) and Jurisprudent case Law (JCL), That prohibit corporal and Barbarian punishment being administrated upon any individual on the land or the territory of the United States of America.

Respectfully Written
By law
Randell Granger #419630

(Copy Written)

Questions for each Officer that was there To be presented in front the Judge by Plaintiff, (Randell Orange.)
Copy for the Judge; With Answers = [ ]

(Sergent Allen)

1). Did I ever cursed you since you known me? Yes or [No]

2). When I was on your Tier, D-Tier; did you see me pass something? Yes or [No]

3). On January 11th at 10:13pm what was the reason for sergent Veal and yourself coming to my cell for a shack down while I was in my bed?

4). When Sergent Veal cuffed my cellmate Dedrick Lemiue, when I was coming out my bed, What did Sgt. Veal state to me? [Hurry up Bitch] [Yes] or N

5). Once the door was open and I said, "I aint you bitch", Didn't he say, "you a Bitch and a Rat?" [Yes] or No

6). Didn't Sgt. Veal Then said, "he was going to Kill me? [Yes] or No

7). Once finished shacking my cell down, Didn't Sgt. Veal say go to the shower Bitch? [Yes] or No

8). Then start trying to convince the tier I was a snitch, enough to get me harmed in a institution. [Yes] or No

9). At the Shower, Sgt. Veal was running up on me to cause harm, but you pressed your beeper down the tier and LT. Lenior came and pushed him out the Tier? [Yes] or No

10). From the time You and Sgt. Veal came to my cell, I was in handcuffs the whole time speaking in my behalf? [Yes] or No

11). Everytime my cell door open; I was cuffed by you. [Yes] or No

12). When I was sprayed and shielded I was in Handcuffs and Shackles? [Yes] or No

13). You observed Major Ellis use a shocking shield on my head 3 or 4 times? [Yes]

14). You was the one placed handcuffs and shackles on me everytime? [Yes] or No

Summary; The camera can prove 2, 3, 4, 7, 8, 10, 12, & 13. Also its a charge and a fine for lying to a Honorable Judge. The officers are up under a oath when they sign for the job. Civil Service rules for employee's, Correction service employee manual they sign up under taking a poly graph test in certain situation. This is a serious situation. My Constitutional rights been violated. Amendment 1, 5th, 8th, and 14. I'll like to request he be placed on the POLY GRAPH machine. For these questions can be cleared in front of the Judge.

(Sergent Eddie Veal),

1). All this started over you performing your duty askew? [Yes] or No

2). The past 4 years you known me; You never had no problem with me and I never had no problem with you, (Correct) Yes or No

3). It always been a respect communication with me and you, Correct [Yes] or No

4). When I was placed on Adm Seg working on the hallway with you, Sgt. Washington Sgt. Allen, and Sgt. Thompson I did what I was suppose to do, Correct [Yes] or No

5). When a certain situation occured and I was off the hall and I told you I didn't want no dealings with you, You stated to me, "Fuck You"! [Yes] or No

6). When I was coming up D-Tier January 11th, 2008 to shower, You was at the other end (Correct) I made a couple statements to a couple inmates You stated who you talking to because I was still walking looking your way (Correct) I stated to you, "I don't mess with you nomore!" [Yes] or No

7). What made you come down a unsigned Tier and cursed me, harassed, and Threaten me?

8). Why you called me a Rat? You said that right !? [Yes] or No

9). Why you called me a Bitch? You said that right !? [Yes] or No

10). Didn't you say you was going to Kill me? [Yes] or No

11). Didn't the LT had to push you out the tier because you was about to cause me harm? [Yes] or No

12). Didn't you tell a certain inmate did I have something in my cell and you was going to F- over me? [Yes] or No (Inmate Garard Achells)

Summary; Camera can show 6, 7, & 8. Also inmate Garard Achells, Darvin Robinson, Calvin Dawkins and Gary Morton also Dedrick Lemieux cell-mate can speak upon these violation. I'll like to request Sgt. Veal up under his rules and employee manual be poly graphed.

LT. Roosevelt Lenoir;

1). Since you known me; Did I ever cursed you? Yes or [No]

2). When I was in cell D-12, You asked me what's going on with you and my officer? What did I tell you? That me and Veal used to be cool, but I don't conversate with him nomore, and I spoke to a inmate he thought I was talking to him!

3). When you came to a beeper activation, did you have to push Sgt. Veal from out the tier before he put his hands on me while I was in handcuffs? [Yes] or No

4). When I was in the shower, did you pass by spraying mase laughing? [Yes] or No

5). Was cuffs on me everytime my cell door open occuring to the policy? [Yes] or No

6). Didn't you witnesses me getting sheilded with electric sheild in full restraints? [Yes] or No

7). Before Ellis came in with the electric sheild; What did you pull out my sock while on my knees in full restraints facing the wall? (Tooth Brush)

Summary; Camera can prove 2, 3, 4, & 5 is correct. I'll like to request he be Poly Graphed occuring to Civil Service rules for employee's to prove his testimony is correct infront a Honorable Judge. Because its a fine and a charge for lying to a Judge.

Emmond Ellis;

1). When you spoke to me, where was I? [Shower]

2). Did I curse you since you known me? Yes or [No]

3). In the shower, I spoke in my behalf about a officer behavior! [Yes] or No

4). You told me to be cool, I told you, I'm straight!, You need to be talking to your officers about his bad performance. [Yes] or No

5). Didn't I bring to your attention that Sgt. Veal was talking about killing me, He called me a snitch and trying to convince the Tier of that also thats enough to get me harm, and he cursed me several times. And thats a violation up under your policy and the Department policy. I'll like this to be written down because I brought this to his supervisors. You and Lt. Lenoir and nothing is done but blaming me. I was in my bed. I know I'm in a no win situation. All that nonsense I aint with it. I have a family and I'll like to inform them. I have to do what I have to do. This a serious situation. You stated, "You do what you do, I'ma do what I do. You aint running nothing and I don't care what you know." And then you stated, "Bring the shackles". Correct [Yes] or No

6). I was escorted to my cell by all officers but Sgt. Veal, Lt. Lenoir told him to get off the tier, You stopped me and ordered the officers to throw all my property out after you moved my cellmate. [Yes] or No

7). After all my property was thrown on the hall, I was ordered to go face the wall and get on my knees by you. [Yes] or No

8). Sgt. Allen came took off the shackles and closed the door. When I was at the hatch while Sgt. Allen took one cuff off. What was the reason for you spraying me while he took off one cuff? What I did or said so bad enough to get sprayed like that but speak in my behalf?

9). About 5 to 6 minutes I was ordered to come back to the hatch to be handcuffed Sgt. Allen placed the cuffs on, Then I was ordered to get on my knees facing the wall by you. Door open and Sgt. Allen placed shackles on my feet. Did you use full force shocking me several times in the back? [Yes] or No

10). Didn't you make me lay down with full restraints on and shocked me while on top of me. [Yes] or No

11). Didn't you shock me in my head 3 to 4 times pushing my head into the wall until I hollared? [Yes] or No

Summary: Camera can show I was cuffed before the cell door open. Also the camera can show 1,3,6,7,8, & 9. Up under the Department Policy for employees and for to use a electric shield and spray chemical agent, he was up under violation. Paperwork can prove that, also the camera. (Unnecessary force) to cause harm. Civil Service rules for employee's, Corrections Service employee manual up under taking a poly Graph test I like that ordered to prove this

situation at hand. Because its a fine and a charge for lying to a Honorable Judge.

Master Sergent James Thomas;

1). Did I refuse any order when you was on the Tier? Yes or [No]

2). Did you witness me hollaring to anyone? Yes or [No]

3). You escorted me from the shower to my cell, Correct [Yes] or No

4). Did I say a word when walking to my cell? Yes or [No]

5). Wasn't cuffs on everytime my cell door open. [Yes] or No

6). You witnessed Ellis sprayed me while Sgt. Allen was taking off the handcuffs. [Yes] or No

7). You witness unnecessary force used on me while in full restraints on my knees? [Yes] or No

8). Did Ellis shock me in the head 3 times while in full restraints on my knees until I hollared? [Yes] or No

9). You watched Ellis shock me in my back several times and ordered me to lay down and shocked me. [Yes] or No

10). You know this is a courtroom you swear to tell the truth so help you God. This is where a judge trusts you equal up under amendment 14, until proving guilty. So tell the truth because its a Large fine, and a charge for lying in front a Honorable Judge. Everything above is Correct Mr. Thompson. [Yes] or No

Respectfully written by,
Randell Orange #147630

Randell Orange #447630
- CBB -
Post Office Box 788
[illegible], La 70748

United States Postal Service®
**DELIVERY CONFIRMATION™**

305 1720 0000 2299 7162

SCREENED OK U.S. MARSHAL

PRIORITY MAIL
UNITED STATES POSTAL SERVICE®
www.usps.com
Label 107, February 2006

United State District Court
Middle District of Louisiana
Russell B. Long Federal Bldg., Ste.B
Courthouse, 777 Florida Street
~~Post Office Box 2630~~