UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDELL ORANGE (#447630)** | **CIVIL ACTION** |
| **VERSUS** | |
| **MAJOR E. ELLIS, ET AL.** | **NO. 08-0224-FJP-DLD** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 15, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RANDELL ORANGE (#447630)                                         CIVIL ACTION

VERSUS

MAJOR E. ELLIS, ET AL.                                           NO. 08-0224-FJP-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' motion to dismiss and motion for partial summary judgment, rec.doc.nos. 14 and 16, and the plaintiff's motion for summary judgment, rec.doc.no. 37.

The pro se plaintiff, an inmate confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Major Emmanuel Ellis, Warden Steven Rader, Sgt. James Thompson, Lt. Roosevelt Lenoir, Sgt. Allen, Sgt. Eddie Veal, and Col. Payne, complaining that the defendants have violated his constitutional rights through verbal threats and harassment, through excessive force, through false disciplinary charges and punishment without due process, through retaliation for the exercise of First Amendment rights, and through deliberate indifference to his serious medical needs.[1]

In his original Complaint, the plaintiff alleges that on January 11, 2008, defendant Sgt. Allen allowed the plaintiff out of his cell for a shower. As the plaintiff was walking down the tier to the shower cell, he spoke with several co-inmates along the tier, at which point defendant Veal

---

[1] Attempts by the United States Marshal's Office to serve defendants James Thompson, Sgt. Allen and Col. Payne have proven unsuccessful because the Louisiana Department of Public Safety and Corrections has not accepted service on these defendants' behalf. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims against defendants Thompson, Allen and Payne be dismissed, without prejudice.

questioned the plaintiff about who he was talking to. The plaintiff responded, "not you, but if I'm provoked I'll talk to anyone like a man." After his shower, the plaintiff was returned to his cell, and approximately 30-45 minutes later, defendant Veal came down the tier for an unscheduled and harassing shakedown search of the plaintiff's cell. During the search, the plaintiff and defendant Veal exchanged additional words, with the plaintiff threatening to file an administrative grievance against defendant Veal and with defendant Veal calling the plaintiff a "bitch and a rat", announcing to the tier that the plaintiff was a "snitch", and threatening to cause the plaintiff physical harm. According to the plaintiff, defendant Veal even began running toward the plaintiff for the purpose of causing the plaintiff harm, but defendant Lenoir stepped in and prevented any physical altercation from occurring at that time. The plaintiff was then placed in the tier shower cell and was subsequently escorted back to his own cell without incident. Once in his cell, however, and while allegedly offering no provocation, the plaintiff was sprayed with irritant spray. Approximately ten minutes later, the plaintiff was instructed to get on his knees and face the wall. After he did so, his cell door was opened, and defendant Allen placed shackles on the plaintiff's ankles. According to the plaintiff, it was at this point that defendant Ellis ran into the plaintiff's cell with a "shocking shield" and began shocking the plaintiff, ramming and pushing the plaintiff into the wall, sitting on the plaintiff's back, placing his knee in the plaintiff's back, and repeatedly hitting the plaintiff with fists and with the shield, causing the plaintiff to "blank out twice". In addition, defendant Lenoir allegedly assisted in this attack and twice utilized irritant spray against the plaintiff after the plaintiff was placed back in the shower cell.

As a result of the foregoing incident, the plaintiff was charged with disciplinary violations, and after disciplinary board hearings at which he was allegedly denied procedural due process, he was found guilty and sentenced, <u>inter alia</u>, to a loss of 450 days of good-time credits. The plaintiff complains that his disciplinary appeals were thereafter wrongly denied by supervisory and investigating defendants Rader Thomas and Payne. In addition, the plaintiff complains that he has been denied appropriate medical care for his injuries resulting from the above-related incident.

Addressing first the motion for partial summary judgment, rec.doc.no. 16, the defendants assert, relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, DCI Policy No. 3A-002 (relative to the use of chemical agents), two Wardens' Unusual Occurrence Reports (prepared by defendants Ellis and Lenoir), three disciplinary reports (prepared by defendants Ellis, Veal and Lenoir), and the affidavit of Rhonda Z. Weldon, that the plaintiff has failed to exhaust administrative remedies relative to certain of his claims against the defendants.  In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions.  This provision is mandatory and allows for no exceptions. Further, pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

From a review of the defendants' exhibits, it appears that the plaintiff's initial administrative grievance was rejected on or about January 15, 2008, as being in improper form because the plaintiff did not submit the original of the grievance to prison officials.  The plaintiff thereafter resubmitted this grievance, and it was addressed and ultimately denied on or about May 28, 2008.[2] From a review of this grievance, it is clear that there is no claim asserted therein of deliberate indifference to the plaintiff's serious medical needs or of retaliation for the exercise of First Amendment rights. Accordingly, it appears clear that the plaintiff has failed to exhaust administrative remedies relative to these claims and that the defendants' motion for partial summary judgment,

---

[2] It appears from the plaintiff's chronology of events relative to his administrative grievances that the grievances were not completed at the time that he filed his Complaint in this Court.  Pursuant to 42 U.S.C. § 1997e, administrative grievances must be completed prior to the commencement of proceedings in federal court.  The defendants, however, have not raised this issue, and the Court therefore finds this issue to be waived.

rec.doc.no. 16, should be granted, dismissing these claims for failure to exhaust administrative remedies.

Turning to the defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, rec.doc.no. 14, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Id., quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, __ U.S. __, 127 U.S. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, in order to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

Initially, it is unclear from the plaintiff's Complaint whether he has named the defendants herein in their individual and/or their official capacities. However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims against the defendants in their individual capacities, the defendants assert the defense of qualified immunity. Specifically, the defendants contend that the plaintiff has failed to allege conduct on their part which violated the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As recently enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court must determine whether the rights allegedly violated were clearly established. This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id.

Undertaking the Saucier analysis, the Court concludes that the defendants' motion is well-taken and that the plaintiff's allegations fail to overcome the assertion of qualified immunity.

Initially, the plaintiff complains of verbal abuse, threats and harassment allegedly inflicted upon him by defendant Veal on January 11, 2008. Specifically, the plaintiff complains that defendant

Veal called him a "bitch", a "rat", and a "snitch", conducted a shakedown search of the plaintiff's cell, and threatened to cause the plaintiff physical harm. In this regard, however, the law is clear that mere allegations of verbal abuse and harassment alone do not present claims under § 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983); Burnette v. Phelps, 621 F.Supp. 1157 (M.D. La. 1985). See also Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). Accordingly, the allegations made by the plaintiff regarding verbal abuse, threats and harassment are insufficient to state a claim of constitutional dimension and must be dismissed.[3]

Finally, the plaintiff complains of the use of excessive force against him on January 11, 2008, and the imposition of alleged wrongful disciplinary charges on that date, which charges resulted in punishment which included the loss of good-time credits. For several reasons, these claims are not properly before the Court.

First, with regard to the plaintiff's claim for restoration of his good-time credits, when a prisoner brings a claim that directly or indirectly challenges the length or constitutionality of his confinement, the claim must initially be pursued in a habeas corpus proceeding. Serio v. Members of the Louisiana State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987). The plaintiff in the instant case complains of disciplinary charges which resulted in the loss of accrued good-time credits. He prayed in both his administrative grievance and in his Complaint that his good-time credits be restored. This claim necessarily calls into question the length of his confinement. Therefore, because a successful resolution of this aspect of the plaintiff's claim would theoretically result in his earlier release, he must first pursue this claim in a habeas corpus proceeding. Keenan

---

[3] Moreover, to the extent that the plaintiff suggests that defendant Veal injured his reputation by announcing to the tier that the plaintiff was an informant, the law is clear that Injury to reputation, without more, is not a liberty interest protected under the Fourteenth Amendment to the United States Constitution. Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); Siegert v. Gilley, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991).

v. Bennett, 613 F.2d 127, 129-30 (5th Cir. 1980); Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987). Accordingly, this aspect of the plaintiff's § 1983 claim must be dismissed.

Further, to the extent that the plaintiff seeks monetary damages resulting from the alleged wrongful disciplinary charges, this claim must also be dismissed. In this regard, a prisoner's claim for monetary damages attributable to an alleged wrongful period of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. In the present case, a determination that the plaintiff is entitled to monetary damages as a result of the alleged unconstitutional disciplinary sentences would necessarily imply that these sentences are wrongful. Since the plaintiff has failed to allege that the offending disciplinary sentences, which resulted in the confiscation of accrued good-time credits, have been invalidated or called into question in a separate proceeding, the plaintiff's claim for monetary damages falls squarely within the holding of Heck v. Humphrey. See Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (Applying Heck rule in the context of a prisoner's good-time claim). Accordingly, the plaintiff's cause of action for monetary damages arising out of the alleged unconstitutional disciplinary charges and sentences has not yet accrued and must be dismissed. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous"). See also Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997); Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

Applying a similar analysis, the plaintiff's claim for damages attributable to the alleged use of excessive force arising out of the incident of January 11, 2008, is also not cognizable at this time. In this regard, the plaintiff asserts that he was subjected to repeated applications of irritant spray and to excessive force during a cell entry while he was in his cell on the referenced date and offering no resistance or provocation. A finding in his favor on this claim, however, would imply that the

disciplinary charges levied against him, asserting that he refused direct orders to come to the bars of his cell and thereby necessitated the use of the irritant spray and alleged excessive force, were invalid. As such, a finding in his favor would call into question the disciplinary sentences and, with it, the length of the plaintiff's confinement through the deprivation of his good-time credits. Accordingly, the alleged excessive force and the associated disciplinary charges are inextricably intertwined and, in the absence of a showing that the disciplinary sentences have been overturned, the Court cannot address the related excessive force claim. See, e.g., Powell v. Maddox, 2003 WL 21518371 (N.D. Tex. April 15, 2003) ("A grant of relief on plaintiff's claims [of excessive force] in this case would necessarily call into question the validity of the disciplinary determination of guilt.... For this reason, plaintiff's claim is not cognizable under section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary hearing have already been overturned, either on administrative appeal, through habeas, or by some other means."). See also Null v. Sanders, 2001 WL 256111 (N.D. Tex. March 9, 2001) (same).

Finally, the plaintiff has also named Warden Rader, James Thompson and Col. Payne as defendants herein, but the only claim asserted against these defendants is relative to their alleged failure to investigate and/or appropriately respond to his disciplinary appeal(s) and administrative grievance(s). As recently stated in Geiger v. Jowers, __ F.3d __, 2005 WL 639623 (5th Cir., March 21, 2005), however, "any alleged due process violation arising from the alleged failure to investigate ... grievances is indisputably meritless." Accordingly, the plaintiff's claims against these defendants is clearly subject to dismissal as being without foundation.

## RECOMMENDATION

It is recommended that the plaintiff's claims against defendants James Thompson, Sgt. Allen and Col. Payne be dismissed for failure of the plaintiff to serve these defendants within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the plaintiff's motion for summary judgment, rec.doc.no. 37, be denied, that the defendants' motion for summary judgment and motion to dismiss, rec.doc.nos. 14 and 16, be granted, and that this action

be dismissed, with prejudice to the plaintiff's claims being asserted again until the conditions set forth in Heck v. Humphrey, supra, are met.  See, e.g., Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997).

      Signed in Baton Rouge, Louisiana, on January 15, 2009.

      **MAGISTRATE JUDGE DOCIA L. DALBY**